NUMBER
13-10-00385-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

ROMAN LUNA RODRIGUEZ JR.,                      
                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 398th
District Court

of Hidalgo County,
Texas.

                                                              
       

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Roman
Luna Rodriguez Jr., appellant, pleaded guilty to aggravated sexual assault of a
child and was sentenced to ten years confinement in June 2003.  See Tex. Penal Code Ann. ' 22.021(a)(2)(B) (West Supp. 2010).  In 2010, Rodriguez
filed a pro se motion seeking DNA testing and examination under code of
criminal procedure, article 64.01.  See Tex.
Code Crim. Proc. Ann. art. 64.01 (West Supp. 2010).  The motion was
denied.  Rodriguez then filed a pro se notice of appeal.  This court abated the
matter and remanded to the trial court for a hearing on indigence and
appointment of appellate counsel.  After a hearing, the trial court appointed
appellate counsel.                

Rodriguez’s
appellate counsel, concluding that "there are no arguable grounds to be
advanced on appeal," filed an Anders brief in which he reviewed the
merits, or lack thereof, of the appeal.  Thereafter, Rodriguez filed a pro se response. 
We affirm.

                                                                 I. 
Discussion

Pursuant
to Anders v. California, 386 U.S. 738, 744 (1967), appellant=s court‑appointed appellate counsel has filed a
brief with this Court, stating that his review of the record yielded no grounds
or error upon which an appeal can be predicated.  Although counsel=s brief does not advance any arguable grounds of error,
it does present a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced on appeal.  See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (AIn
Texas, an Anders brief need not specifically advance >arguable= points of error if counsel finds
none, but it must provide record references to the facts and procedural history
and set out pertinent legal authorities.@) (citing Hawkins v. State, 112
S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  








In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), appellant's counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgment. 
Counsel has informed this Court that he has:  (1) examined the record and found
no arguable grounds to advance on appeal; (2) served a copy of the brief and
counsel=s motion to withdraw on appellant; and
(3) informed appellant of his right to review the record and to file a pro se
response within thirty days.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  Rodriguez also filed a pro se
response.

                                                        II.  Independent Review

Upon
receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous.  Penson v.
Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the entire record,
counsel's brief and Rodriguez’s pro se response and have found nothing that
would arguably support an appeal.  See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) (ADue to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.@); Stafford, 813 S.W.2d at 509.  Accordingly, we
affirm the judgment of the trial court.

                                                       III.  Motion to Withdraw

In
accordance with Anders, appellant=s attorney has asked this Court for
permission to withdraw as counsel for appellant.  See Anders, 386 U.S.
at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing
Jeffery v. State, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)
(noting that A[i]f an attorney believes the appeal
is frivolous, he must withdraw from representing the appellant.  To withdraw
from representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.@) (citations omitted)).  We grant
counsel=s motion to withdraw.  Within five
days of the date of this Court=s opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of his
right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2 (b).

 

Delivered and filed the

21st day of July, 2011. 

 









[1] The Texas Court of
Criminal Appeals has held that Athe pro se response need not comply with the rules of
appellate procedure in order to be considered.  Rather, the response should
identify for the court those issues which the indigent appellant believes the
court should consider in deciding whether the case presents any meritorious
issues.@  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State,
955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2] No substitute
counsel will be appointed.  Should appellant wish to seek further review of
this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.